UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____

ITSCHAK MADAR on behalf of himself and
all other similarly situated consumers

                              Plaintiff,

      -against-

NEW BRITAIN FINANCIAL SERVICES, LLC

                              Defendant.
_____

## CLASS ACTION COMPLAINT

### Introduction

1. Plaintiff, Itschak Madar, brings this action against New Britain Financial Services, LLC for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA"). The FDCPA prohibits debt collectors from engaging in abusive, deceptive and unfair collection practices while attempting to collect on debts.

### Parties

2. Plaintiff is a citizen of the State of New York who resides within this District.

3. Plaintiff is a consumer as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that Defendant sought to collect from Plaintiff a consumer debt.

4. Upon information and belief, Defendant's principal place of business is located in Indiana.

5. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

6. Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

## Jurisdiction and Venue

7. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

## Allegations Particular to Itschak Madar

9. Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

10. On or about August 31, 2016, Defendant sent the Plaintiff a collection letter.

11. Said letter stated in pertinent part: "Because you have refused to address this debt despite being given every opportunity to do so, be advised that as of **September 16, 2016** if you have not accepted our terms and conditions, we will have exhausted all **voluntary methods of resolution** . . . . **This will be your final opportunity to resolve this matter without the expense of additional interest and/or penalties**." (Emphasis added).

12. The said statements had the effect of conveying to the least sophisticated consumer that Defendant intended on proceeding with "involuntary" debt collection methods such as the filing of a lawsuit and/or proceeding with garnishment action.

13. Upon information and belief, Defendant has not filed a lawsuit against the Plaintiff for the alleged debt.

14. Upon information and belief, at the time of making the aforementioned threat, the Defendant had no intention of filing a lawsuit against Plaintiff for the alleged debt.

15. Upon information and belief, the Defendant has no authority to file a lawsuit against Plaintiff for the alleged debt.

16. Upon information and belief, at the time of making the aforementioned threat, the Defendant had no authority to file a lawsuit against Plaintiff for the alleged debt.

17. Upon information and belief, at the time of making the aforementioned threat, the Defendant could not legally file a lawsuit against the Plaintiff because any lawsuit that would be filed to collect the alleged debt would be time-barred.

18. Upon information and belief, Defendant does not have a written agreement for the alleged debt upon which to initiate a lawsuit.

19. Defendant's representations, in its August 31, 2016 letter, were false, deceptive and misleading given that the Defendant was without any method by which to enforce an "involuntary" payment of the alleged debt, whether garnishment or lawsuit.

20. Defendant's representations, in its in its August 31, 2016 letter misrepresented the character, amount, and/or legal status of the alleged debt given that the Defendant was unable to file a lawsuit against the Plaintiff for the alleged debt as such a lawsuit would be time-barred.

21. Plaintiff suffered actual harm by being the target of the Defendant's misleading debt collection communications.

22. Defendant violated the Plaintiff's right not to be the target of misleading debt collection communications.

23. Defendant violated the Plaintiff's right to a truthful and fair debt collection process.

24. Defendant used materially false, deceptive, misleading representations and means in its attempted collection of Plaintiff's alleged debt.

25. Defendant's communications were designed to cause the debtor to suffer a harmful disadvantage in charting a course of action in response to Defendant's collection efforts.

26. The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendant's false representations misled the Plaintiff in a manner that deprived him of his right to enjoy these benefits, these materially misleading statements trigger liability under section 1692e of the Act.

27. These deceptive communications additionally violated the FDCPA since they frustrate the consumer's ability to intelligently choose his or her response.

28. Plaintiff seeks to end these violations of the FDCPA. Plaintiff has suffered damages including but not limited to, fear, stress, mental anguish, emotional stress and acute embarrassment. Plaintiff and putative class members are entitled to preliminary and permanent injunctive relief, including, declaratory relief, and damages.

## CLASS ALLEGATIONS

29. This action is brought as a class action. Plaintiff brings this action on behalf of himself and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

30. The identities of all class members are readily ascertainable from the records of New Britain Financial Services and those business and governmental entities on whose behalf it attempts to collect debts.

31. Excluded from the Plaintiff's Class is the Defendant and all officers, members, partners, managers, directors, and employees of New Britain Financial Services, and all of their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

32. There are questions of law and fact common to the Plaintiff's Class, which common issues predominate over any issues involving only individual class members. The principal issues are whether Defendant's communications with the Plaintiff, such as the above stated claims, violate provisions of the Fair Debt Collection Practices Act.

33. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories.

34. The Plaintiff will fairly and adequately protect the interests of the Plaintiff's Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor his attorneys have any interests, which might cause them not to vigorously pursue this action.

35. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

    (a) **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff's Class defined above is so numerous that joinder of all members would be impractical.

    (b) **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff's Class and those questions predominate

over any questions or issues involving only individual class members. The principal issues are whether the Defendant's communications with the Plaintiff, such as the above stated claims, violate provisions of the Fair Debt Collection Practices Act.

(c) **Typicality:** The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff's Class defined in this complaint have claims arising out of the Defendant's common uniform course of conduct complained of herein.

(d) **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor his counsel have any interests, which might cause them not to vigorously pursue the instant class action lawsuit.

(e) **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender. Certification of a class under Rule 23(b)(l)(A) of the Federal Rules of Civil Procedure is appropriate because adjudications with respect to individual

      members create a risk of inconsistent or varying adjudications which could establish incompatible standards of conduct for Defendant who, on information and belief, collects debts throughout the United States of America.

36. Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that a determination that the above stated claims, violate provisions of the Fair Debt Collection Practices Act, and is tantamount to declaratory relief and any monetary relief under the FDCPA would be merely incidental to that determination.

37. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff's Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

38. Further, Defendant has acted, or failed to act, on grounds generally applicable to the Rule (b)(l)(A) and (b)(2) Class, thereby making appropriate final injunctive relief with respect to the Class as a whole.

39. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify one or more classes only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## CAUSE OF ACTION

### Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of himself and the members of a class, as against the Defendant.

40. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered one (1) through thirty nine (39) herein with the same force and effect is if the same were set forth at length herein.

41. This cause of action is brought on behalf of Plaintiff and the members of a class.

42. The class involves all individuals whom Defendant's records reflect resided in the State of New York and who were sent a collection letter in substantially the same form letter as the letter sent to the Plaintiff on or about August 31, 2016; and (a) the collection letter was sent to a consumer seeking payment of a personal debt; and (b) the collection letter was not returned by the postal service as undelivered; and (c) the Plaintiff asserts that the letter contained violations of 15 U.S.C. §§ 1692e, 1692e(5) and 1692e(10).

### Violations of the Fair Debt Collection Practices Act

43. The Defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

44. Because the Defendant violated the Fair Debt Collection Practices Act, the Plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests preliminary and permanent injunctive relief, and that this Court enter judgment in Plaintiff's favor and against the Defendant and award damages as follows:

(a) Statutory damages provided under the FDCPA, 15 U.S.C. § 1692(k);

(b) Attorney fees, litigation expenses and costs incurred in bringing this action; and

   (c)  Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Brooklyn, New York
   August 29, 2017

                __/s/ Maxim Maximov_____
                Maxim Maximov, Esq.
                Attorneys for the Plaintiff
                Maxim Maximov, LLP
                1701 Avenue P
                Brooklyn, New York 11229
                Office: (718) 395-3459
                Facsimile: (718) 408-9570
                E-mail: m@maximovlaw.com

Plaintiff requests trial by jury on all issues so triable.

                __/s/ Maxim Maximov_____
                Maxim Maximov, Esq.